**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS AGUILAR, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | 1:13-CV-00437-LJO-GSA<br><br>**ORDER ON REQUEST FOR CLARIFICATION**<br>(Doc. 47) |

**INTRODUCTION**

Plaintiff Chris Aguilar ("Aguilar") brought this purported class action for violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*., the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*., the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1791.1 and 1792, *et seq*., the Magnuson-Moss Warranty Act ("Magnuson-Moss Act"), 15 U.S.C. § 2303, *et seq*., and Cal. Comm. Code § 2313 against defendant General Motors LLC ("GM") in this Court.  Aguilar invokes this Court's jurisdiction on the basis of federal question and under the Class Action Fairness Act of 2005 ("CAFA").  This Court granted in part with leave to amend GM's motion to dismiss Aguilar's first amended complaint pursuant to Fed. R. Civ. P. 8(a)(2), 9(b), and 12(b)(6) for failure to state a claim. Following this Court's order granting in part GM's motion to dismiss the claims in Aguilar's second amended complaint, Aguilar moved for clarification.

**BACKGROUND**

On March 22, 2013, Aguilar filed his original complaint for violations of the CLRA, UCL,

1

1   Song-Beverly Act, Magnuson-Moss Act, and Cal. Comm. Code § 2313.[1]   Specifically, as relevant

2   here, Aguilar brought a claim for breach of express warranty under the Magnuson-Moss Act.  (Doc. 1,

3   pp. 31-32).

4        After GM and General Motors Company moved to dismiss Aguilar's original complaint,

5   Aguilar filed a first amended complaint.[2]   In his first amended complaint, Aguilar again brought a

6   claim for breach of express warranty under the Magnuson-Moss Act.  (Doc. 14, pp. 32-33).  On July

7   25, 2013, this Court dismissed with leave to amend Aguilar's claim for breach of express warranty

8   under the Magnuson-Moss Act.  (Doc. 27).

9        Aguilar filed a second amended complaint on August 14, 2013.  There, Aguilar brought

10  claims for breach of express and implied warranty under the Magnuson-Moss Act.  (Doc. 33, pp. 40-

11  42).  On August 28, 2013, GM moved this Court "for an order pursuant to F.R.Civ.P. 8(a)(2), 9(b) and

12  12(b)(6) dismissing in part plaintiff's Second Amended Complaint[.]"  (Doc. 34, p. 1).  Specifically,

13  GM moved to dismiss Aguilar's claims "on the grounds that […] the Fourth and Fifth Causes of

14  Action for alleged breach of express warranty under the Magnuson-Moss Act and section 2313 of the

15  California Commercial Code fail to state claims upon which relief can be granted against GM."  (Doc.

16  35, p. 1).  Aguilar filed an opposition on September 24, 2013, and GM filed a reply on October 1,

17  2013.

18       On October 16, 2013, this Court granted without leave to amend GM's motion to dismiss

19  Aguilar's claim under the Magnuson-Moss Act.  (Doc. 41).  Aguilar filed the instant request for

20  clarification on December 13, 2013.  (Doc. 47).

21                                  **CLARIFICATION**

22       GM moved this Court to dismiss Aguilar's fourth cause of action "for alleged breach of

23  express warranty under the Magnuson-Moss Act[.]"  (Doc. 34, p. 1).  The parties accordingly

24  submitted arguments as to whether Aguilar's claim for breach of express warranty under the

25  Magnuson-Moss Act was subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

26  (Docs. 35, 38, 39).  This Court considered the parties' arguments and granted without leave to amend

27  [1] This Order only discusses the procedural history of Aguilar's relevant warranty claims.  Aguilar does not seek
    clarification with regard to his nondisclosure claims.

28  [2] On June 19, 2013, upon the stipulation of the parties, this Court ordered the dismissal of defendant General Motors
    Company.

1   GM's motion to dismiss Aguilar's claim under the Magnuson-Moss Act in his fourth cause of action.

2   (Doc. 41).

3        GM did not move this Court to dismiss Aguilar's claim for breach of implied warranty under

4   the Magnuson-Moss Act in Aguilar's fourth cause of action and made no mention of Aguilar's implied

5   warranty claim under Magnuson-Moss in any of its submissions.  (Docs. 34, 35, 38, 39).  Because

6   Aguilar's claim for breach of implied warranty under the Magnuson-Moss Act was never a part of the

7   motion to dismiss proceedings, this Court's ruling dismissing without leave to amend Aguilar's cause

8   of action under the Magnuson-Moss Act addressed only the express warranty claim under that Act.

9   Moreover, as Aguilar's implied warranty claim under Magnuson-Moss was never subject to a motion

10  to dismiss, it remains unchallenged and viable.

11

12  IT IS SO ORDERED.

13      Dated:   **December 17, 2013**            **/s/ Lawrence J. O'Neill**
14                                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28