GREGORY R. OXFORD (SBN 62333)
ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone:  (310) 316-1990
Facsimile: (310) 316-1330
goxford@icclawfirm.com

Attorneys for Defendant
General Motors LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRIS AGUILAR, individually and on behalf of a class of similarly situated individuals,<br><br>          Plaintiff,<br><br>     vs.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, GENERAL MOTORS COMPANY, a Delaware Corporation,<br><br>          Defendants. | Case No. 1:13-CV-00437-LJO-GSA<br><br>**AMENDED ANSWER OF DEFENDANT GENERAL MOTORS LLC TO SECOND AMENDED COMPLAINT** |

In accordance with the Court's Order on Request for Clarification issued December 18, 2013, defendant General Motors LLC ("GM"), hereby amends its answer to plaintiff's Second Amended Complaint, and admits, alleges and denies as follows:

1.      Answering paragraph 1 thereof, admits that plaintiff purports bring this action as stated, purportedly based on his personal knowledge as to himself and his own acts and experiences and upon information and belief as to all other matters; admits and alleges that all model year 2009 Lambda vehicles were manufactured by the former General Motors Corporation ("Old GM") before July 10, 2009 and therefore fall outside plaintiff's proposed class definition; otherwise denies the allegations of paragraph 1 and specifically denies that plaintiff or members of the alleged class or sub-classes (a) have

any actionable claim against GM; (b) have been damaged as alleged, in any amount or at all as the result of any allegedly unlawful act or omission of GM; and (c) are entitled to any relief at all against GM, legal, equitable or otherwise.

2.      Denies the allegations of paragraph 2 thereof.

3.      Denies the allegations of paragraph 3 thereof.

4.      Answering paragraph 4 thereof, admits that the steering system is an integral component of an automobile; admits and alleges that GM's obligations in the event that steering components malfunction are limited to free-of-charge repair and replacement of components found defective in materials or workmanship during the term of GM's New Vehicle Limited Warranty; denies that any alleged defect in the steering system of model year 2010, 2011 or 2012 Lambda platform vehicles ("Lambda Vehicles") creates or created a systemic or widespread safety issue; otherwise denies the allegations and characterizations of paragraph 4.

5.      Answering paragraph 5 thereof, admits and alleges that GM's Lambda Vehicles include the GMC Acadia, Buick Enclave and Chevrolet Traverse, that these vehicles share some common design features and interchangeable components, including steering design features and interchangeable components that have been updated or modified from time to time since Lambda Vehicles were first introduced; otherwise denies the allegations of paragraph 5.

6.      Answering paragraph 6 thereof, admits that the steering system of the Lambda Vehicles includes the listed components; otherwise denies the allegations of paragraph 8; specifically denies that the diagram included in this paragraph is an accurate depiction of the Lambda Vehicles' steering systems.

7.      Denies the allegations of paragraph 7 thereof.

8.      Denies the allegations of paragraph 8 thereof; admits and alleges that GM's obligations in the event steering components malfunction are limited to free-of-charge repair and replacement of components found defective in materials or workmanship during the term of GM's New Vehicle Limited Warranty; denies that any alleged defect in

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

the steering system of model year 2010, 2011 or 2012 Lambda Vehicles creates or created a systemic or widespread safety issue;

9.      Denies the allegations of paragraph 9 thereof and specifically denies that the steering systems of Lambda Vehicles were defective and not fit for their intended purpose.

10.      Denies the allegations of paragraph 10 thereof and specifically denies that Lambda Vehicles have or had a "Steering Defect."

11.      Answering paragraph 11 thereof, denies that plaintiff's allegations accurately or completely describe GM's descriptions of the Acadia steering system contained in brochures or catalogs for the Acadia which differed for different model years.

12.      Denies the allegations or paragraph 12 thereof; admits and alleges that a total of approximately 15 owners of model year 2009 and 2010 Lambda Vehicles and the owner of one model year 2012 Lambda Vehicle posted complaints on the NHTSA and two other websites concerning their steering systems; admits and alleges that GM during the  2010, 2011 and 2012 model years manufactured approximately 700,000 Lambda Vehicles and that the persons posting these complaints represent about 2 one-thousandths of a percent of 2010, 2011 and 2012 Lambda Vehicle owners.

13.      Admits the substance of paragraph 13 thereof; denies that plaintiff's allegations accurately or completely describe the terms of GM's New Vehicle Limited Warranties for Lambda Vehicles.

14.      Denies the allegations of paragraph 14 thereof and specifically denies that Lambda Vehicles have or had a "Steering Defect" or were repaired under warranty with defective components.

15.      Denies the allegations of paragraph 15 thereof and specifically denies that Lambda Vehicles have or had a "Steering Defect" or were repaired under warranty with defective components.

16.      Denies the allegations of paragraph 16 thereof and specifically denies that Lambda Vehicles have or had a "Steering Defect" or were repaired under warranty with defective components.

3

17.    Denies the allegations of paragraph 17 thereof except; specifically denies that Lambda Vehicles have or had a "Steering Defect"; admits and alleges that neither GM nor NHTSA has issued a safety recall of Lambda Vehicles for repair of any alleged defect in their steering systems and that GM has responded appropriately and consistent with the terms of its New Vehicle Limited Warranty for Lambda Vehicles in response to steering issues raised by the owners of these vehicles.

18.    Denies the allegations of paragraph 18 thereof.

19.    Denies the allegations of paragraph 19 thereof.

20.    Denies the allegations of paragraph 20 thereof.

21.    Admits the allegations of paragraph 21 thereof except denies based on lack of information or knowledge sufficient to form a belief the allegation that plaintiff "is a California citizen who resides in Fresno, California."

22.    Denies the allegations of paragraph 22 thereof based on lack of information or knowledge sufficient to form a belief.

23.    Denies the allegations of paragraph 23 thereof based on lack of information or knowledge sufficient to form a belief.

24.    Denies the allegations of paragraph 24 thereof based on lack of information or knowledge sufficient to form a belief.

25.    Denies the allegations of paragraph 25 thereof based on lack of information or knowledge sufficient to form a belief except admits and alleges that the dealership repair order indicates that plaintiff's vehicle was repaired free-of-charge under warranty.

26.    Denies the allegations of paragraph 26 thereof based on lack of information or knowledge sufficient to form a belie, except admits and alleges that the dealership repair order indicates that plaintiff's vehicle was repaired free-of-charge under warranty..

27.    Denies the allegations of paragraph 27 thereof based on lack of information or knowledge sufficient to form a belief, except admits and alleges that the dealership repair order indicates that plaintiff's vehicle was repaired free-of-charge under warranty.

28.     Denies the allegations of paragraph 28 thereof based on lack of information or knowledge sufficient to form a belief, except admits and alleges that the dealership repair order indicates that plaintiff's vehicle was repaired free-of-charge under warranty.

29.     Denies the allegations of paragraph 29 thereof based on lack of information or knowledge sufficient to form a belief; admits and alleges that GM has no record of plaintiff delivering his vehicle to an authorized dealer for warranty repairs after December 22, 2011.

30.     Denies the allegations of paragraph 30 thereof based on lack of information or knowledge sufficient to form a belief, except specifically denies that there was a "Steering Defect" in plaintiff's vehicle.

31.     Denies the allegations of paragraph 31 thereof based on lack of information or knowledge sufficient to form a belief.

32.     Denies the allegations of paragraph 32 thereof, except admits that General Motors LLC is an automobile manufacturer that does business in all 50 states and was the manufacturer of model year 2010, 2011 and 2012 Lambda Vehicles; admits and alleges that General Motors Company is the ultimate parent corporation of General Motors LLC; denies that General Motors Company does business in the State of California; admits and alleges that General Motors Company has been dismissed as a defendant in this case.

33.     Admits the allegations of paragraph 33 thereof, except admits and alleges that the "parent" of General Motors LLC is General Motors Holdings LLC, a Delaware limited liability company that is wholly owned by General Motors Company.

34.     Denies the allegations of paragraph 34 thereof; admits and alleges that General Motors Company is a corporation organized under the laws of the State of Delaware with its principal place of business in Detroit, Michigan.

35.     Denies the allegations of paragraph 35 thereof, except admits and alleges that on July 10, 2009 the entity currently known as General Motors LLC acquired substantially all of the business assets of the former General Motors Corporation ("Old GM") free and clear of Old GM's liabilities (with certain narrow exceptions) in a sale

5

pursuant to Section 363 of the Bankruptcy Code that was approved by the United States Bankruptcy Court for the Southern District of New York; admits and alleges that GM under the terms of the Bankruptcy Court order approving this transaction has no liability whatsoever for alleged breach of implied warranty or, with the exception of possible liability under the New Vehicle Limited Warranty or state "Lemon Laws," for any other consumer claims with respect to any model year 2008 or 2009 Lambda Vehicle.

36.     Denies the allegations of paragraph 36 thereof; admits and alleges that the Bankruptcy Court order approving the transaction in which GM acquired substantially all of the business assets of Old GM specifically provided that GM is not a continuation of Old  GM and did not assume Old GM's liabilities with certain narrow (and here inapplicable) exceptions.

37.     Denies the allegations of paragraph 37 thereof, except admits that General Motors LLC after July 10, 2009 (a) manufactured motor vehicles and parts in the United States and elsewhere and (b) marketed and distributed motor vehicles through a network of authorized dealers in the United States, including Fresno County.

38.     Admits the allegations of paragraph 38 thereof, except denies that the proposed class can properly be certified.

39.     Admits the allegations of the first sentence of paragraph 39 thereof with respect to plaintiff's individual claims only; admits and alleges that GM marketed Lambda Vehicles in the United States and this judicial district after July 10, 2009; admits and alleges that venue is proper in this district pursuant to either 28 U.S.C. § 1391(b)(2) or 28 U.S.C. § 1391 (b)(3).

40.     Admits the allegations of paragraph 40 thereof with respect to plaintiff's individual claims only; otherwise denies the allegations of paragraph 40.

41.     Denies the allegations of paragraph 41 thereof; admits and alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) or (b)(3).

42.     Denies the allegations of paragraph 42 thereof, except admits that General Motors LLC after July 10, 2009 marketed and distributed model year 2010, 2011 and

6

2012 Lambda Vehicles through a network of authorized dealers in the United States, including California.

43.     Admits the allegations of paragraph 43, except denies (a) that the specified components "comprise a single system," (b) that this paragraph accurately or completely describes the operation of the steering systems of Lambda Vehicles, (c) that all steering components are "interdependent," and (d) that all steering components are "critical to the movement, direction and control of the vehicle."

44.     Denies the allegations of paragraph 44 thereof, and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have a "Steering Defect."

45.     Denies the allegations of paragraph 45 thereof, and specifically denies that (a) model year 2010, 2011 and 2012 Lambda Vehicles have a "Steering Defect" and (b) that plaintiff or alleged class members have been damaged by alleged steering failures.

46.     Denies the allegations of paragraph 46 thereof and specifically denies that model year 2010, 2011 or 2012 Lambda Vehicles have a "Steering Defect."

47.     Denies the allegations of paragraph 47 thereof except admits that a small number of postings quoted in this paragraph concerning the steering of model year 2008, 2009 and 2010 Lambda Vehicles and one model year 2012 Lambda Vehicle are or have been available on the NHTSA and two other internet websites; denies for want of information or knowledge sufficient to form a belief whether the statements in these postings are true; specifically denies that these postings demonstrate the existence of a systemic safety defect in the steering systems of model year 2010, 2011 or 2012 Lambda Vehicles.

48.     Denies the allegations of paragraph 48 thereof and specifically denies that Lambda Vehicles manufactured by General Motors LLC have or had a "Steering Defect."

49.     Denies the allegations of paragraph 49 thereof and specifically denies that Lambda Vehicles manufactured by General Motors LLC have or had a "Steering Defect" or were "identical" to Lambda Vehicles manufactured by Old GM.

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

50.     Denies the allegations of paragraph 50 thereof and specifically denies that Lambda Vehicles manufactured by General Motors LLC have or had a "Steering Defect"; admits and alleges that Technical Service Bulletins ("TSBs") were issued to address noise issues in Lambda vehicles; denies that these bulletins addressed any safety issues.

51.     Denies the allegations of paragraph 51 thereof, except admits that the entity currently known as General Motors LLC on July 10, 2009 acquired substantially all of the assets of Old GM and thereafter manufactured and distributed model year 2010, 2011 and 2012 Lambda Vehicles.

52.     Denies the allegations of paragraph 52 thereof, and specifically denies that the Lambda Vehicles manufactured by General Motors LLC have or had a "Steering Defect."

53.     Denies the allegations of paragraph 53 thereof, and specifically denies that the Lambda Vehicles manufactured by General Motors LLC have or had a "Steering Defect"; admits and alleges that the cited TSBs address noise, not safety, issues.

54.     Denies the allegations of paragraph 54 thereof, and specifically denies that the Lambda Vehicles manufactured by General Motors LLC have or had a "Steering Defect"; admits and alleges that the entity now known as General Motors LLC did not even exist in February 2009; admits and alleges that the cited TSBs address noise, not safety, issues.

55.     Answering paragraph 55 thereof, admits and alleges (a) that Old GM issued the cited TSBs, some of which GM later updated and (b) that these TSBs address noise, not safety, issues.

56.     Answering paragraph 56 thereof, admits and alleges that GM issued the cited TSB which addresses noise, not safety, issues.

57.     Answering paragraph 57 thereof, admits and alleges that GM issued the cited TSB which addresses noise, not safety, issues.

58.     Answering paragraph 58 thereof, admits and  alleges that GM issued the cited TSB which addresses noise, not safety, issues.

8

59.    Answering paragraph 59 thereof, admits and alleges that GM issued the cited TSB which addresses noise, not safety, issues.

60.    Answering paragraph 60 thereof, admits and alleges that GM issued the cited TSB which addresses noise, not safety, issues.

61.    Answering paragraph 61 thereof, admits and alleges that GM issued the cited TSB which addresses noise, not safety, issues .

62.    Denies the allegations of paragraph 62 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect."

63.    Denies the allegations of paragraph 63 thereof and specifically denies that the model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect."

64.    Denies the allegations of paragraph 64 thereof; admits and alleges that the cited TSBs address noise, not safety, issues; admits and alleges that the cited TSBs have been updated from time to time; specifically denies that the model year 2010, 2011 and 2012 Lambda vehicles have or had a "Steering Defect."

65.    Denies the allegations of paragraph 65 thereof and specifically denies that the Lambda Vehicles have or had a "Steering Defect"; admits and alleges that GM customer service representatives likely had sporadic contact with Lambda Vehicle owners from time to time on the internet.

66.    Denies the allegations of paragraph 66 thereof, except admits that a small number of postings quoted in this paragraph concerning the steering of model year 2008, 2009 and 2010 Lambda Vehicles are or have been available on the NHTSA, Edmunds and AcadiaForum websites; admits and alleges that these postings represent a tiny minority of Lambda Vehicle owners and that some of these postings do not involve steering at all; specifically denies that the Lambda Vehicles have or had a "Steering Defect"; admits and alleges that GM customer service representatives likely had sporadic contact with Lambda Vehicle owners on the internet and may have reviewed internet postings from time to time; denies for want of information or knowledge sufficient to form a belief whether the statements in the quoted postings are true; ; specifically denies that these postings

9

demonstrate the existence or GM's knowledge of a systemic safety defect in the steering systems of model year 2010, 2011 or 2012 Lambda Vehicles at the time plaintiff purchased his 2010 Chevrolet Traverse or at any other time.

67.    Denies the allegations of paragraph 67 thereof, except admits that an article was published in GM Tech Link in March 2012, the contents of which are not accurately or completely described in this paragraph.

68.    Denies the allegations of paragraph 68 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect"; admits and alleges that defendant, the entity now known as General Motors LLC did not even exist until mid-2009.

69.    Denies the allegations of paragraph 69 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect."

70.    Denies the allegations of paragraph 70 thereof for lack of information or knowledge sufficient to form a belief, except specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect" or that the steering systems of these vehicles "pose an unreasonable safety hazard."

71.    Denies the allegations of paragraph 71 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda vehicles have or had a "Steering Defect."

72.    Denies the allegations of paragraph 72 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda vehicles have or had a "Steering Defect"; admits and alleges that the cited TSBs address noise, not safety, issues.

73.    Denies the allegations of paragraph 73 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect"; admits and alleges that the cited TSBs address noise, not safety, issues.

74.    Denies the allegations of paragraph 74 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda vehicles have or had a "Steering Defect."

75.    Denies the allegations of paragraph 75 thereof; admits and alleges that Lambda Vehicles presented to authorized dealers for steering repairs during the warranty

period are or were repaired free-of-charge in accordance with the terms of the GM New Vehicle Limited Warranty.

76.     Denies the allegations of paragraph 76 thereof and specifically denies that parts used in warranty repairs are defective.

77.     Denies the allegations of paragraph 67 thereof ,except admits and alleges that GM has not notified Lambda vehicle owners of a "systemic defect that causes the steering system to malfunction" because no such defect exists.

78.     Denies the allegations of paragraph 78 thereof and specifically denies that the steering systems of Lambda vehicles have systemic design or manufacturing defects; admits and alleges that any issue concerning operation or malfunction of any component of the Lambda Vehicle steering system was known to plaintiff and members of the purported class once the issue manifested itself.

79.     Denies the allegations of paragraph 79 thereof and specifically denies that the steering systems of Lambda vehicles have systemic design or manufacturing defects; admits and alleges that any issue concerning operation or malfunction of any component of the Lambda Vehicle steering system was known to plaintiff and members of the purported class once the issue manifested itself.

80.     Denies the allegations of paragraph 80 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had a "Steering Defect."

81.     Denies the allegations of paragraph 81 thereof and specifically denies that the steering systems of model year 2010, 2011 and 2012 Lambda Vehicles have systemic design or manufacturing defects.

82.     Answering paragraph 82 thereof, admits that plaintiff purports to bring this action as a class action; otherwise denies plaintiff's allegations; admits and alleges that this action may not properly or lawfully be certified as a class action.

83.     Answering paragraph 83 thereof, admits that plaintiff is asking the Court to certify the class and sub-classes attempted to be defined therein; denies that any of them may properly or lawfully be certified.

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

84.    Answering paragraph 84 thereof, admits that plaintiff has excluded the defined group from his proposed classes and purports to reserve his right to amend his proposed class and sub-class definitions.

85.    Denies the allegations of paragraph 85 thereof.

86.    Denies the allegations of paragraph 86 thereof except admits and alleges that the owners of model year 2010, 2011 and 2012 Lambda Vehicles in the State of California number into at least the tens of thousands for each model year and in the United States number into the hundreds of thousands for each model year.

87.    Denies the allegations of paragraph 87 thereof.

88.    Denies the allegations of paragraph 88 thereof.

89.    Denies the allegations of paragraph 89 thereof for lack of information or knowledge sufficient to form a belief.

90.    Denies the allegations of paragraph 90 thereof.

91.    Denies the allegations of paragraph 91 thereof.

**FIRST CAUSE OF ACTION**

92.    Answering paragraph 92 thereof, repeats and incorporates by reference its admissions, allegations and denials set forth in paragraphs 1 through 91 hereof, as though fully set forth herein.

93.    Answering paragraph 93 thereof, admits that plaintiff purports to be bring the action as a class action on behalf of the proposed class and sub-classes; denies that this action may lawfully or properly be certified as a class action.

94.    Admits the allegations of paragraph 94 thereof.

95.    Denies the allegations of paragraph 95 thereof for want of information or knowledge sufficient to form a belief.

96.    Denies the allegations of paragraph 96 thereof.

97.    Denies the allegations of paragraph 97 thereof and specifically denies engaging in unfair or deceptive acts or practices or imposing a serious safety risk on the public.

12

98.   Denies the allegations of paragraph 98 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

99.   Denies the allegations of paragraph 99 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

100.   Denies the allegations of paragraph 100 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

101.   Denies the allegations of paragraph 101 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

102.   Denies the allegations of paragraph 102 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

103.   Denies the allegations of paragraph 103 thereof for lack of information or knowledge sufficient to form a belief except specifically denies that the steering systems of model year 2010, 2011 and 2012 Lambda Vehicles have or had any systemic safety defect that would make them prone to premature failure.

104.   Denies the allegations of paragraph 104 thereof and specifically denies that the steering systems of model year 2010, 2011 and 2012 Lambda Vehicles have or had any systemic safety defect that would make them prone to premature failure.

105.   Denies the allegations of paragraph 105 thereof and specifically denies (a) that it has committed any unfair or deceptive acts or practices and (b) that plaintiff and purported class members have been injured or damaged in any amount or at all as the result of any such act or practice.

106.   Admits the allegations of paragraph 106 thereof; admits and alleges that this affidavit is not required by the Federal Rules of Civil Procedure.

107.   Denies the allegations of paragraph 107 thereof for lack of information or knowledge sufficient to form a belief, except admits that a few days before filing suit plaintiff's counsel sent a letter to GM that purported to provide notice pursuant to California Civil Code § 1782(a).

108.   Answering paragraph 108 thereof, admits that GM did not respond to plaintiff's counsel's letter prior to the filing of this suit a few days after GM received it; denies that any response to the letter or notice to consumers was required by law; otherwise denies the allegations of paragraph 108.

109.   Answering paragraph 109 thereof, admits that plaintiff seeks the relief described in this paragraph; denies that he is entitled to such relief.

110.   Answering paragraph 110 thereof, admits that plaintiff seeks the relief described in this paragraph; denies that he is entitled to such relief; specifically denies that GM has violated the cited or other statutory or common law obligations to plaintiff or other owners of model year 2010, 2011 and 2012 Lambda vehicles.

**SECOND CAUSE OF ACTION**

111.   Answering paragraph 111 thereof, repeats and incorporates by reference its admissions, allegations and denials set forth in paragraphs 1 through 110 hereof, as though fully set forth herein.

112.   Answering paragraph 112 thereof, admits that plaintiff purports to be bring the action as a class action on behalf of the proposed class and sub-classes; denies that this action may lawfully or properly be certified as a class action.

113.   Answering paragraph 113 thereof, admits and alleges that the cited statute speaks for itself.

114.   Denies the allegations of paragraph 114 thereof for lack of information or knowledge sufficient to form a belief; specifically denies that the steering systems of model year 2010, 2011 and 2012 Lambda Vehicles have or had any systemic safety defect that would make them prone to premature failure.

14

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

115.   Denies the allegations of paragraph 115 thereof and specifically denies that model year 2010, 2011 and 2012  Lambda Vehicles have or had defective steering systems that were prone to premature failure.

116.   Denies the allegations of paragraph 116 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

117.   Denies the allegations of paragraph 117 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

118.   Denies the allegations of paragraph 118 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

119.   Denies the allegations of paragraph 119 thereof and specifically denies that model year 2010, 2011 and 2012 Lambda Vehicles have or had defective steering systems.

120.   Denies the allegations of paragraph 120 thereof.

121.   Denies the allegations of paragraph 121 thereof, and specifically denies engaging in unfair acts or practices.

122.   Denies the allegations of paragraph 122 thereof.

123.   Denies the allegations of paragraph 123 thereof.

124.   Denies the allegations of paragraph 124 thereof, and specifically denies that GM has committed unfair practices or that plaintiff and proposed class members have been injured or damaged in any amount or at all by such practices.

125.   Denies the allegations of paragraph 125 thereof, and specifically denies that GM has committed unlawful practices or that plaintiff and proposed class members have been injured or damaged in any amount or at all by such practices.

126.   Denies the allegations of paragraph 126 thereof, and specifically denies that GM has committed deceptive practices or that plaintiff and proposed class members have been injured or damaged in any amount or at all by such practices.

127.   Denies the allegations of paragraph 127 thereof.

**THIRD CAUSE OF ACTION**

128.   Answering paragraph 128 thereof, repeats and incorporates by reference its admissions, allegations and denials set forth in paragraphs 1 through 127 hereof, as though fully set forth herein.

129.   Answering paragraph 129 thereof, admits that plaintiff purports to be bringing the action as a class action on behalf of the proposed class and sub-classes; denies that this action may lawfully or properly be certified as a class action.

130.   Denies the allegations of paragraph 130 thereof, except admits that General Motors LLC was the manufacturer and warrantor of model year 2010, 2011 and 2012 Lambda Vehicles.

131.   Denies the allegations of paragraph 131 thereof except admits that General Motors LLC provided an implied warranty as required by law.

132.   Denies the allegations of paragraph 132 thereof except admits that General Motors LLC provided an implied warranty as required by law.

133.   Denies the allegations of paragraph 133 thereof.

134.   Denies the allegations of paragraph 134 thereof.

**FOURTH CAUSE OF ACTION**

135.   Answering paragraph 135 thereof, repeats and incorporates by reference its admissions, allegations and denials set forth in paragraphs 1 through 134 hereof, as though fully set forth herein.

136.   Answering paragraph 136 thereof, admits that plaintiff purports to be bringing the action as a class action on behalf of the proposed class and sub-classes; denies that this action may lawfully or properly be certified as a class action.

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

137.    Denies the allegations of paragraph 137 thereof, except admits that General Motors LLC was the manufacturer and warrantor of model year 2010, 2011 and 2012 Lambda Vehicles.

138.    Denies the allegations of paragraph 138 thereof for lack of information or knowledge sufficient to form a belief.

139.    Admits the allegations of paragraph 139 thereof.

140.    Admits the allegations of paragraph 140 thereof.

141.    GM makes no further response to paragraph 141 thereof because the Court has held that the Fifth Cause of Action attempted to be pleaded in the Second Amended Complaint  does not state a claim for breach of express warranty upon which relief can be granted, and any claim under the Magnuson-Moss Act based on such an alleged breach necessarily fails for the same reasons as the Fifth Cause of Action.

142.    Denies the allegations of paragraph 142 thereof, except admits that GM impliedly warranted Lambda vehicles to the extent required by the different laws of the states in which they were sold or leased to retail customers.

143.    Denies the allegations of paragraph 143 thereof.

144.    Denies the allegations of paragraph 144 thereof; and specifically denies that GM breached any implied or express warranty applicable to plaintiff's or any other Lambda vehicle.

145.    Denies the allegations of paragraph 145 thereof for lack of information or knowledge sufficient to form a belief.

146.    Denies the allegations of paragraph 146 thereof.

147.    Denies the allegations of paragraph 147 thereof, and specifically denies that plaintiff or putative class members were damaged in any amount or at all, or are entitled to any equitable remedies, recovery of costs or attorneys fees or any other remedy, as the result of any unlawful act or omission of GM.

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

148.    Denies the allegations of paragraph 148 thereof, and specifically denies that plaintiff or putative class members have been damaged in any amount or at all as the result of any unlawful act or omission of GM.

**FIFTH CAUSE OF ACTION**

149.    GM makes no response to paragraphs 149 through 156 thereof except admits and alleges that the Court's order of October 16, 2013 dismissed the Fifth Cause of Action without leave to amend.

**AS AND FOR ADDITIONAL DEFENSES, TO THE EXTENT IF AT ALL THAT PLAINTIFF DOES NOT HAVE THE BURDEN OF PROOF THEREON, GM ALLEGES AS FOLLOWS:**

**FIRST (Failure To State a Claim Upon Which Relief Can Be Granted)**

150.    The complaint including but not limited to the First, Second, Third and Fourth Causes of Action fails to state a claim upon which relief can be granted.

**SECOND (Statute of Limitations – Cal. Civ. Code § 1791.1(c))**

151.    Plaintiff's and purported class members' claims for breach of implied warranty (Cal. Civ. Code § 1791.1) are barred in whole or in part by the one-year statute of limitations set forth in Cal. Civ. Code § 1791(c).

**THIRD (Waiver – Failure To Request Remedy Under Express Warranty)**

152.    Plaintiff's and purported class members' claims for breach of implied warranty are barred in whole or in part by their failure to request the exclusive remedy of free-of-charge warranty repairs pursuant to the GM New Vehicle Limited Warranty.

**FOURTH (Due Process)**

153.    The certification of any class would violate GM's due process rights by allowing purported class members to assert claims without sustaining their burden of proof on the individual elements of their claims and preventing GM from challenging the merits of their claims and asserting valid defenses.

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

**FIFTH (Lack of Standing under State Statutes and Common Law)**

154.    Plaintiff and members of the purported classes lack standing because they have not suffered injury and/or lost money or property as a result of any alleged violation of state statutes, implied warranties or the common law.

**SIXTH (Lack of Article III Standing)**

155.    Plaintiff and members of the purported classes lack standing under Article III of the United States Constitution.

**SEVENTH (No Extraterritorial Application of California Statutes)**

156.    The claims of members of the alleged nationwide class who do not reside or did not purchase their vehicles in California are barred because the California statutes claimed to have been violated do not, and constitutionally cannot, have any extraterritorial application.

**EIGHTH (No Payment to GM – No Basis for UCL or FAL Claim)**

157.    The claims of plaintiff and members of the purported classes are barred because they did not pay sums representing all or part of the monetary recovery sought in this case to GM and therefore cannot claim restitution thereof from GM.

**NINTH (No Injury To Support Implied Warranty Claims)**

158.    The implied warranty and Magnuson-Moss claims of any plaintiff or purported class member whose Lambda vehicle has no suffered a steering system malfunction are barred by the lack of any injury or damage.

**TENTH (Failure To Give GM Reasonable Notice and Opportunity To Repair)**

159.    The Third and Fourth Causes of Action are barred by plaintiff's failure to afford GM reasonable notice of and a reasonable opportunity to cure any alleged defect after advising GM that plaintiff was purporting to act on behalf of a class.  *See* 15 U.S.C. § 2310(e).

**ELEVENTH (Failure To Pursue Mandatory Dispute Resolution Procedures)**

160.    The Fourth Cause of Action is barred by plaintiff's failure to participate in GM's qualified third-party dispute resolution procedure before or at the time he advised

19

GM that he was a named plaintiff in a purported class action with respect to a warranty obligation. *See* 15 U.S.C. § 2310(a)(3).

### TWELFTH (Accord and Satisfaction)

161.   The claims of some purported class members may be barred by the doctrine of accord and satisfaction.

### THIRTEENTH (Compromise and Settlement)

162.   The claims of some purported class members may be barred by the terms of settlement agreements with GM or one of its affiliates.

### FOURTEENTH (Release)

163.   The claims of some purported class members may be barred by valid releases.

### FIFTEENTH (Constitutional Limits on Punitive Damages)

164.   An award of punitive damages would violates GM's rights under the Full Faith and Credit and Commerce Clauses of, and the Eighth and Fourteenth Amendments to, the United States Constitution and similar applicable provisions of state constitutions and laws.

### WHEREFORE, GM PRAYS FOR JUDGMENT AS FOLLOWS:

(1)   That plaintiff's complaint and each claim for relief be dismissed with prejudice;

(2)   That plaintiff take nothing by his complaint;

(3)   That no class be certified, and that plaintiff be precluded from prosecuting this action on behalf of the general public;

(4)   That GM be awarded its costs incurred herein, including reasonable attorneys' fees; and

(5)   That the Court order such other and further relief as the Court may deem just and proper.

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA

1  Dated:  January 2, 2014                    ISAACS CLOUSE CROSE & OXFORD LLP

2

3                                              */s  Gregory R. Oxford*

4  Attorneys for Defendant
   General Motors LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Answer of General Motors LLC
Case No. 13-00437-LJO-GSA