GREGORY R. OXFORD (SBN 62333)
ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone: (310) 316-1990
Facsimile: (310) 316-1330
goxford@icclawfirm.com

Attorneys for Defendants

Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff Chris Aguilar

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| CHRIS AGUILAR, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, GENERAL MOTORS COMPANY, a Delaware Corporation,<br><br>Defendants. | Case No. 1:13-CV-00437-LJO-GSA<br><br>**STIPULATION AND ORDER MODIFYING SCHEDULING ORDER** |

Whereas, the Scheduling Order entered by the Court on December 17, 2014 set dates, including a discovery cut-off date of September 5, 2014;

Whereas, as explained below, discovery has been delayed on both sides due to unforeseen events occurring after entry of the Scheduling Order, specifically as follows:

- Shortly after January 23, 2013, when defendant General Motors LLC ("GM") noticed the deposition of plaintiff Chris Aguilar, Mr. Aguilar's counsel learned that his client had been diagnosed with a serious illness that required postponement of his deposition; as a result of this illness and the ensuing treatment regime, GM was not able to depose Mr. Aguilar and inspect and test-drive his vehicle until June 3 and 4, 2014; and

- As a result of the widely-publicized ignition switch and related recalls, GM beginning in February and for a period of months thereafter was required to devote enormous resources to the gathering, review and production of documents requested by the National Highway Traffic Safety Administration, the U.S. Congress, and other government agencies; literally millions of documents were produced; this placed enormous demands on GM's resources and, while some documents requested by plaintiff in this case have been produced, GM has not yet been able to gather and produce a large volume of documents requested by plaintiffs and in all likelihood would not be able to complete its production in this case prior to the current September 5, 2014 discovery cut-off;

Whereas, GM believes based on plaintiff's recent deposition and the inspection and test-drive of his vehicle (a) that the steering system of plaintiff's 2010 Chevrolet Traverse is functioning normally and does not have any defect, let alone a defect affecting safety that GM would be required to disclose under California's Consumer Legal Remedies Act or Unfair Competition Law (First and Second Causes of Action), (b) that there also has not been any breach of implied warranty under California's Song-Beverly Act or the federal Magnuson-Moss Act (Third and Fourth Causes of Action), and (c) that plaintiff has no evidence of any injury or damage suffered as the result of any alleged defect or

breach of warranty, and therefore cannot establish essential elements of all four of his causes of action;

Whereas, GM therefore intends to file promptly a motion for summary judgment on the ground that plaintiff lacks individual standing to pursue this action and cannot establish essential elements of his claims for relief;

Whereas, GM believes that it should not be required during the time it will take to brief and obtain a ruling on its motion for summary judgment to engage in expensive and time-consuming document production in a case that GM contends plaintiff has no standing to pursue, and that discovery accordingly should be stayed pending a ruling on the motion for summary judgment;

Whereas, plaintiff strongly disagrees with GMs position on discovery; plaintiff contends that a defect does exist (as evidenced, in part, by a steering fluid leak discovered during GM's vehicle inspection); plaintiff has provided a description of the alleged defect to GM together with a list of documents he is requesting before responding to GM's motion for summary judgment and/or confirm whether the alleged defect exists; and plaintiff intends vigorously to oppose GM's motion for summary judgment;

Whereas, in order to avoid unnecessary briefing and possible proceedings under Rule 56(d), GM has shared with plaintiff a draft of its summary judgment motion and the parties have agreed to discuss, and are currently discussing, the discovery that plaintiff requires to prepare his opposition to the motion for summary judgment and what discovery GM may be willing to provide;

Whereas, whether agreement can be reached or not, briefing on the motion and any related discovery will require a significant amount of time, including the possible need for assistance from the Magistrate Judge in resolving any discovery disputes;

Whereas, if the motion for summary judgment is denied, additional time will be required for the further production of documents by GM and discovery thereon that plaintiffs will require prior to filing the motion class certification, which is contemplated by the schedule set forth below; and

Whereas, the parties seek an order on this stipulation in order to accomplish the orderly prosecution of this matter as agreed by counsel, subject to approval of the Court;

**IT IS HEREBY STIPULATED**, by and between plaintiff and GM, by and through their respective undersigned counsel, that the Court may enter its order establishing a briefing schedule modifying the current Scheduling Order as follows:

1. The discovery cut-off date shall be continued from September 5, 2014 to June 5, 2015;

2. The last day to file discovery motions and other non-dispositive motions for hearing by Magistrate Judge Austin is continued from October 10, 2014 to July 6, 2015;

3. The date for filing plaintiff's motion for class certification is continued from December 5, 2014 to September 7, 2015;

4. The date for filing defendant's opposition to the motion for class certification is continued from February 5, 2015 to November 5, 2015;

5. The date for filing plaintiff's reply to the opposition is continued from March 6, 2015 to December 7, 2015;

6. The date for the hearing on the motion for class certification before Magistrate Judge Austin is continued from April 10, 2015 to January 15, 2016 at 10:00 a.m. or such other date and time as may be convenient to the Court's calendar.

DATED:  August 26, 2014           CAPSTONE LAW APC

                                  By: */s/ Cody R. Padgett*
                                      Attorneys for Plaintiff Chris Aguilar

DATED:  August 26, 2014           ISAACS CLOUSE CROSE & OXFORD LLP

                                  By: */s/ Gregory R. Oxford (as authorized on 8.26.2014)*
                                      Attorneys for Defendant General Motors LLC

# ORDER

The Court has reviewed the parties' stipulation.  The Court adopts the hereby modifies the deadlines in this case as follows :

1. The discovery cut-off date is **June 5, 2015**;

2. The last day to file discovery motions and other non-dispositive motions for hearing by Magistrate Judge Austin is **July 6, 2015**;

3. The date for filing plaintiff's motion for class certification is **September 7, 2015**.  Depositions of expert witnesses in support of Plaintiff's motion for class certification **shall be completed 21 days after the filing of Defendant's opposition**;

4. The date for filing defendant's opposition to the motion for class certification is **November 5, 2015**;

5. The date for filing plaintiff's reply to the opposition is **December 7, 2015**;

6. The date for the hearing on the motion for class certification before Magistrate Judge Austin will be held on **January 15, 2016 at 10:00 a.m.** or such other date and time as may be convenient to the Court's calendar.

All other orders contained in this Court's scheduling order issued on December 17, 2013 (Doc. 49) remain in full force and effect.

IT IS SO ORDERED.

Dated:   **September 2, 2014**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE